UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. Case No. 08 CR 50028 |
| v. | ) | Judge P. Michael Mahoney |
| | ) | |
| THOMAS COOPER | ) | |

---

DEFENDANT COOPER'S MOTION TO RECONSIDER PRE-TRIAL RELEASE BASED
ON NEW INFORMATION

THOMAS COOPER by TERENCE F. MACCARTHY of the FEDERAL

DEFENDER PROGRAM and its attorney HANEEF OMAR moves this honorable court

to reconsider pre-trial release based on new information.

In its June 23, 2008 , this court found there to be no conditions or combinations of

conditions that would ensure the presence of the defendant or the safety of the

community. This court found that there is no appropriate third party custodian, the

defendant has a criminal history including one felony and incarceration with the IDOC,

he has one bond forfeiture, and several arrests including two emergency orders of

protection issued against the defendant.

Although the presumption of detention has been triggered by the finding of

probable cause to believe the defendant committed an offense carrying a maximum

term of imprisonment of at least ten years, that presumption can be rebutted by

evidence that the defendant is neither a flight risk nor danger to the community. 18 USC

§3142(e). The pre-trial services report originally listed Nesheeka Cooper, the

defendant's wife, as the third party custodian. The report stated that if released, Mr.

Cooper would reside with her in the family residence. Mr. Cooper now offers his

parents home as a place of residence and his mother and father as third party

custodians.

The court having determined that there is no appropriate third party custodian,

Mr. Cooper offers his mother and father, Birdia Lee Cooper and Mr. John Lee Cooper,

Sr. as third party custodians. Mr. Cooper's parents reside at 623 Lexington Ave., in

Rockford, IL 61102. The family is willing to allow Mr. Cooper to stay at their residence

and to act as a third party custodians for the court. Neither Mr. or Mrs. Cooper have a

criminal record and no other individuals live in the home. The Cooper's can be

contacted by telephone at 815-963-0039. The defendant requests that this court find his

parent's residence to be a more suitable alternative to residing with his wife.

In *United States v. Wilson*, the defendant offered his mother-in-law as a third

party custodian. 2002 U.S. Dist. LEXIS 13292. The court denied the defendant's motion

on the ground that the mother-in-law could not prevent the defendant from engaging in

new criminal conduct.

In the present case, Mr. Cooper's mother and father are more than capable of

preventing the defendant from engaging in new criminal conduct. Both parents, as

opposed to the lone custodian provided in *Wilson,* are available to monitor the

defendant, thwart any illegal conduct, and ensure that Mr. Cooper appears for court.

Mr. and Mrs. Cooper have expressed to counsel for Mr. Cooper that they will inform

2

the court of any conduct the defendant would engage in that violates his conditions of pre-trial release.

In light of the aforementioned, Mr. Cooper respectfully requests that this court reconsider its previous order denying Mr. Cooper pretrial release, based on new information of a more appropriate third party custodian in the defendant's parents.

Dated this 30th day of June, 2008 at Rockford, IL

Respectfully submitted;
Terence F. MacCarthy
Executive Director

By: ___/s_____
        HANEEF OMAR
        Attorney for Defendant

FEDERAL DEFENDER PROGRAM
202 W. State Street - Suite 600
Rockford, IL 61101
(815) 961-0800
(815) 961-0813 fax

3